COLUMBUS BAR ASSOCIATION *v.* BLANKENSHIP.

[Cite as *Columbus Bar Assn. v. Blankenship*
(1999), 85 Ohio St.3d 1211.]

(No. 95–1200—Submitted March 31, 1999—Decided April 6, 1999.)

This cause came on for further consideration upon the filing of a petition for reinstatement on April 15, 1998, by respondent, Jeffrey A. Blankenship. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on February 17, 1999, recommending that respondent be reinstated to the practice of law in the state of Ohio on the following conditions: (1) respondent renews his contract with Ohio Lawyers Assistance Program ("OLAP") for a period of an additional two years, and respondent fully complies with all of the terms and conditions of said contract, as recommended by OLAP; (2) relator appoints a practice monitor for a period of two years who will review periodically respondent's office procedures, case management practices, record keeping, ethical compliance, and other related issues; and (3) respondent obtains and keeps in force a reasonable policy of professional malpractice insurance for his practice area and establishes one or more trust accounts in which to maintain all clients' funds, which trust account(s) shall be subject to an annual independent audit, at respondent's expense, for two years. No objections to said Final Report were filed.

The court now considers its order of February 28, 1996, indefinitely suspending respondent, Jeffrey A. Blankenship, from the practice of law pursuant to Gov.Bar R. V(6)(B)(2). On consideration thereof and the Final Report of the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that the respondent, Jeffrey A. Blankenship, Attorney Registration No. 0014764, last known address in Columbus, Ohio, be, and hereby is, reinstated to the practice of law in Ohio on the conditions recommended by the Board of Commissioners on Grievances and Discipline.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, relator, the Columbus Bar Association, file with the Clerk's Office of this court the name of the attorney who will monitor respondent in accordance with Gov.Bar R. V(9). It is further ordered that at the end of the two-year probationary period, relator file with the Clerk's Office a report indicating whether respondent has complied with the terms and conditions of this probation.

1212

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $705.70, less the deposit of $500, for a total balance due of $205.70, which costs shall be payable to this court on or before ninety days from the date of this order, by certified check or money order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

IT IS FURTHER ORDERED that at the end of the probationary period, respondent may apply for termination of probation. It is further ordered that respondent's probation shall not be terminated until (1) he applies for termination of probation in accordance with Gov.Bar R. V(9) and meets the requirements of having his probation terminated; (2) he complies with this and all other orders issued by this court; (3) he complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) relator files a report with the Clerk's Office of this court, indicating that respondent has complied with the terms and conditions of his monitored probation; and (5) this court enters an order terminating his probation.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Columbus Bar Assn. v. Blankenship* (1996), 74 Ohio St.3d 586, 660 N.E.2d 1141.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.